Herbert H. Wiseman and Betty A. Wiseman v. Commissioner.
Wiseman v. Commissioner
Docket No. 5767-68.
United States Tax Court
T.C. Memo 1970-210; 1970 Tax Ct. Memo LEXIS 145; 29 T.C.M. (CCH) 924; T.C.M. (RIA) 70210; July 27, 1970, Filed Herbert H. Wiseman, pro se, P.O. Box 131, Norge, Va. Robert E. Lee, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioners' Federal income taxes for the years 1965 and 1966 in the amounts of $227.88 and $228, respectively. The only issue for decision is whether petitioners furnished more than one-half of the support of Herbert H. Wiseman, Jr. (Herbert, Jr.), and Rickey Wiseman (Rickey), during the years in issue so as to be entitled to claim them as dependency exemptions under section 152(a) (1) [1] for such years. *146 Findings of Fact Some of the facts have been stipulated and are so found. The stipulation and exhibits are included herein by this reference. Petitioners are individuals who resided at Norge, Virginia, at the time the petition herein was filed. Their joint income tax returns for the years in issue were filed with the Internal Revenue Service Center at Philadelphia, Pennsylvania. Herbert H. Wiseman (Herbert) and Joyce Cunningham (Joyce) were married in 1953. Two children were born of the marriage, Herbert, Jr., in 1956 and Rickey in 1959. Herbert and Joyce were divorced in May 1964. The decree of divorce gave custody of the infant children to Joyce with visitation rights provided for Herbert, and under such decree Herbert has paid $510 toward the support of each child for each of the years in issue. Joyce has since remarried and is now Joyce C. Hughes. During the years in issue she resided in Richmond, Virginia, and Herbert, Jr., and Rickey resided with her. Also during the years in issue Herbert exercised his visitation privileges by having Herbert, Jr., and Rickey visit in his home one weekend in almost every month, and in addition he and his present wife took the children *147 on a motor-trip vacation to Detroit for one week during 1965. During the years in issue the entire support of Herbert, Jr., and of Rickey was furnished by petitioners and Joyce and the total amounts expended for the support of the children were: Herbert, Jr., 1965
$1,350
Rickey, 1965
1,350
Herbert, Jr., 1966
1,396
Rickey, 1966
1,371
Petitioners contributed the following amounts toward the support of the children: Herbert, Jr., 1965
$681
Rickey, 1965
681
Herbert, Jr., 1966
695
Rickey, 1966
652 and consequently they provided more than one-half of the total support for each of the children in 1965 and less than one-half of the total support for each of the children in 1966. Opinion Herbert and his former wife, Joyce, both testified as witnesses herein regarding the support that each had furnished their children during the years in issue. We found them both to be candid and frank and, with very few exceptions, extremely modest and conservative in their estimates of the amounts they had spent. These amounts were extremely close for each child and for each of the years in issue. We have reviewed their testimony and the entire record *148 with great care in arriving at the amounts which are included in our findings. Virtually the only adjustments made by us to the amounts contended 925 for by Joyce were reductions to her unitemized miscellaneous expenses. Respondent has suggested proposed findings as to petitioners' claimed expenditures with which we agree with two exceptions, viz: we have allowed modest additional amounts for petitioners' automobile expenses in connection with the 1965 Detroit vacation trip and we have allowed small amounts for each child for each year in connection with bunk beds which petitioners purchased in January 1965. It is clear from the record that these bunk beds, which were equipped with a ladder and guard rails, were purchased solely for the use of Herbert, Jr., and Rickey. The total cost was over $140 and we have assigned them an approximate 10-year life in arriving at small additions to respondent's requested findings regarding petitioners' expenditures for the years in issue. As is clear from our findings, petitioners have sustained their burden of proving that they furnished over half of the support for each child in 1965 and they are entitled to the dependency exemption deductions *149 for such year under section 152(a)(1). For the year 1966 the petitioners have not sustained their burden of proof. Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩